IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA WRIGHT | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No: |
| v. | : | |
| ISL EMPLOYEES, INC.; | : | |
| ISL EMPLOYEES, INC., d/b/a, | : | |
| HEARTIS YARDLEY; AND | : | |
| INTEGRAL SENIOR LIVING, INC. | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

I. **INTRODUCTION**

Plaintiff claims of Defendants a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination with respect to her compensation, terms, conditions, and privileges of employment by the Defendants, based on her disability, and the Defendants' failure to provide reasonable accommodations and termination of Plaintiff's employment.

## II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, and §1367 and Title 42 U.S.C. §12101, et seq., which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on July 27, 2021, and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.  PARTIES

6. Plaintiff, Gloria Wright, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at, 837 Big Oak Road, Yardley, Pennsylvania.

7. Defendant, ISL Employees, Inc., is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 600 E. Cathedral Road, Philadelphia, Pennsylvania, and with corporate headquarters located at 2333 State Street, Suite 300, Carlsbad, California.

8. Defendant, ISL Employees, Inc., d/b/a, Heartis Yardley, is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 255 Oxford Valley Road, Yardley,

Pennsylvania, and with corporate headquarters located at 2333 State Street, Suite 300, Carlsbad, California.

9. Defendant, Integral Senior Living, LLC, is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 2333 State Street, Suite 300, Carlsbad, California.

10. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Americans With Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008.

11. All conditions precedent to the institution of this suit have been fulfilled. The Plaintiff has satisfied all other jurisdictional prerequisites prior to the commencement of this action. A notice of right to sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") on July 27, 2021, and this action has been commenced within ninety (90) days of the issuance of said Notice.

12. At all times relevant hereto, Defendants, who either jointly or individually employed Plaintiff, were acting through its agents, servants, and employees, who were authorized and acting with the scope of their authority, course of employment and under the direct control of Defendants.

13. At all times material herein, Defendants have been a "person" and "employer" as defined under the ADA, and ADAAA, and have been, and are subject to, the provisions of each said Act.

## II.   CAUSE OF ACTION

14.   Plaintiff was employed by Defendants from March 1, 2021 until on or about April 27, 2021, when she was terminated as a result of the unlawful employment practices complained of herein.

15.   Plaintiff held the position of Resident Care Director for Defendants, and at all times performed her job functions in a dutiful and competent manner. At the time of her termination, Plaintiff was earning approximately $100,000 per annum, plus bonuses, health insurance and other benefits.

16.   On April 15, 2021, Plaintiff was rushed to the Emergency Room of her local hospital with heart palpitations and severe leg pain.

17.   Plaintiff contacted her superior, Lisa Pflaumer ("Pflaumer"), Executive Director, to inform her of her medical emergency. In response, Pflaumer told Plaintiff to take care of herself and keep her posted while she remained out of work.

18.   On April 22, 2021, Plaintiff underwent further medical testing in connection with her physical ailments.

19.   Plaintiff was suffering from what was believed by her physician to be peripheral vascular disease and other health issues for which she was receiving treatment.

20.   Plaintiff informed Pflaumer of her medical ailments, and that she would need be out of work for a period of time.

21.   On April 26, 2021, Plaintiff informed Pflaumer that her primary physician released her to return to work the next day with restrictions, and provided her with a medical note to that effect.

22. Pflaumer failed to address Plaintiff's need for accommodation per her physician's note, and instead indicated to Plaintiff: "Frankly Gloria, that is not going to work. You need to perform all of you job duties."

23. Plaintiff immediately informed her physician that her supervisor was unwilling to accommodate any of her restrictions. Accordingly, her physician drafted a second note dated April 27, 2021, indicating that Plaintiff could therefore not return to work due to her condition.

24. On April 28, 2021, Plaintiff participated in a brief conference call with Pflaumer and Sherry Carter, Defendant's Human Resources Representative, and was told that the Defendants were hiring someone to fill her position and that she was to pick up her belongings. Plaintiff was terminated from her employment.

25. Plaintiff's medical condition constitutes a disability within the meaning of the ADA and ADAAA, in that she was substantially limited in a major life activity, was regarded by Defendants as being disabled and/or maintained a record of impairment.

26. Defendants failed to engage Plaintiff in any interactive discussion concerning her needs for reasonable accommodations, including a medical leave of absence, in accordance with the ADA and ADAAA.

27. Defendants' failure to engage Plaintiff in such a discussion necessarily violated Plaintiff's rights to be afforded a reasonable accommodation for her disability.

28. Defendants' termination of Plaintiff's employment was motivated by reasons of her disability and need for accommodation, as aforesaid.

## COUNT I
## (ADA/ADAAA)

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as fully set forth at length herein.

30. The actions of Defendants through its agents, servants, and employees in failing to accommodate Plaintiff and in terminating Plaintiff because of her disability, constituted a violation of the ADA and ADAAA.

31. The unlawful discriminatory employment practices engaged in by the Defendants were in violation of the provisions of ADA and ADAAA.

32. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of ADA and ADAAA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon. The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress as a result of the Defendants' unlawful actions, as aforesaid.

## PRAYER FOR RELIEF

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as fully set forth at length herein.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in her favor and against Defendant, and order that:

(a) Defendants compensate Plaintiff for the wages, benefits and other emoluments of employment lost, due to their unlaw conduct;

(b)     Defendants compensate Plaintiff with an award of front pay, if appropriate;

(c)     Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d)     Defendants pay Plaintiff punitive damages under the ADA and ADAAA, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e)     Defendants pay Plaintiff, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f)     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                **LOVITZ LAW FIRM, P.C.**

By: _____
      KEVIN I. LOVITZ, ESQUIRE
      ID # 70184
      1650 Market Street, 36th Floor
      Philadelphia, PA 19103
      (215) 735-1996 Phone
      (215) 735-1515 Fax
      Attorney for Plaintiff,
      Gloria Wright